**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ROBERT G. LOPEZ, an individual,**  ) | **20 CV 9238** |
| ) | |
| **Plaintiff,**  ) | |
| ) | **Civil Action No.** |
| **v.**  ) | |
| ) | |
| **FASHION NOVA, INC.,**  ) | |
| **SUPERDRY RETAIL, LLC,**  ) | **JURY TRIAL DEMANDED** |
| **ZARA USA, INC.**  ) | |
| **BONFIRE FUNDS, INC.**  ) | |
| **SCHOTT BROS, INC.,**  ) | |
| **BRAIN BUSTER ENTERPRISES, LLC,**  ) | |
| **TP APPAREL, LLC,**  ) | |
| **and Does 1-10**  ) | |
| ) | |
| **Defendants.**  ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT AND RELATED CLAIMS**

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, Fashion Nova, Inc. ("Fashion Nova"), Superdry Retail, LLC, ("Superdry"), Zara USA, Inc. ('Zara"), Bonfire Funds, Inc. ("Bonfire"), Schott Bros, Inc., Brain Buster Enterprises, LLC ("Brain Buster"), TP Apparel, LLC ("TP") and Does 1-10 as follows:

**NATURE OF THE ACTION**

1.     This action arises from the Defendant's Fashion Nova, Superdry, Zara, Bonfire and Schott Bros., infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks **LES NYC®**, and **LOWER EAST SIDE™** in conjunction with clothing and related goods. Despite Plaintiff being the registered owner of the trademarks **LES NYC®   LES™**, and **LOWER EAST SIDE™** and offering various clothing items under such brand names, the

Defendants have infringed Plaintiff's rights in the aforementioned marks by placing Plaintiff's aforementioned trademarks on Defendant's Fashion Nova, Superdry, Zara, Bonfire and Schott Bros. clothing products and are manufacturing, printing, producing, promoting, advertising, selling, and offering for sale t-shirts and other clothing items including and under Plaintiff's trademarks. Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation, association or connection between all of the aforementioned Defendants and Plaintiff resulting in the unjust enrichment of all the Defendants by using Plaintiff's registered trademarks and/or copyright.

Defendant's Brain Buster and TP have infringed Plaintiff's copyright and have copied, published, reproduced and exploited the design depicted below on clothing goods which infringe Plaintiff's copyright for the work titled "**LES NYC LES LOVE t-shirt Design**":



## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq*., 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a),

Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c), 17 U.S.C. §101, et. seq., 17 U.S.C. §501-509 and 28 U.S.C. §1367.

3.     This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.     Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.     Upon information and belief, Defendant Fashion Nova, Inc. is a California Corporation with a place of business at 2801 E 46th Street, Vernon, California 90058.

7.     Upon information and belief, Defendant, Inc. Superdry, Inc. is a Delaware Corporation with a place of business at 666 Broadway – Room 500 New York, New York 10012.

8.     Upon information and belief, Defendant Zara USA, Inc. is a New York Corporation with a principal place of business at 500 Fifth Avenue – Suite 400, New York, New York 10110.

9.      Upon information and belief, Defendant Bonfire Funds, Inc. is a Virginia Corporation with a place of business at 10120 W Broad Street, Glen Allen, Virginia 23060.

10.     Upon information and belief, Defendant Schott Bros, Inc. is a New Jersey Corporation with a principal place of business at 735 Rahway Ave., Union, New Jersey 07083.

11.     Upon information and belief, Defendant Brain Buster Enterprises, LLC. is a Florida Limited Liability Company with a place of business at 149 East 18th Street #2, New York, New York 10003.

12.     Upon information and belief, Defendant TP Apparel, LLC. is a New York Limited Liability Company with a place of business at 36 East 20th Street – 8th Floor, New York, New York 10003.

13.     Plaintiff is ignorant to the true names of Defendant's John Doe 1 through 10. Plaintiff will amend this complaint when the true names of Does 1 through 10 are discovered. Plaintiff is informed and believes that Defendants Does 1 through 10, inclusive, are manufacturers, vendors, distributors and online retailers of clothing products illegally offered for sale using Plaintiff's trademarks and copyrights.

## FACTS

14.     Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hoodies and other clothing items under the **LES NYC®, LOWER EAST SIDE™**, and **LES™** brand names.

15.     Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name **L.E.S. CLOTHING CO.™**, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks **LES NYC®, LOWER EAST SIDE™** and **LES™** . Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark **LOYALTY EQUALS STRENGTH™** which is an

4

additional representation of what the **LES™** acronym stands for and represents.   Since 2010
Plaintiff has also sold clothing under the mark **537™**.   The numbers "**537**" turned upside down
produce the letters "**LES**."







16.     In addition to selling and offering for sale clothing items under the **LOWER
EAST SIDE™**, **LES NYC®**, **LES™**, **537™** and **LOYALTY EQUALS STRENGTH™** brand

names, Plaintiff has also continuously sold and offered for sale various clothing items including caps, hooded sweatshirts and t-shirts which bear the **LOWER EAST SIDE™**, **LES™** and **LES NYC®** marks in various font and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters as well as printed on hang tags, clothing labels, stickers and on clothing product packaging materials.

17.     Plaintiff uses the **®**, **™** and **©** symbols on product packaging materials, hang tags, and on promotional materials such as flyers, banners, business cards, etc. to put the public on constructive notice that Plaintiff is claiming trademark rights in the **LOWER EAST SIDE™** , **LES™** and **LES NYC®** brand names. Plaintiff also uses the aforementioned copyright symbol to also put the public on constructive notice that he is claiming copyright in some of the specific **LOWER EAST SIDE™**, **LES™** and **LES NYC®** stylized designs that are released, sold and offered for sale by Plaintiff and his **LES CLOTHING CO.™** business







18.     Plaintiff sells, and promotes the sale of his clothing via his website sa, through social media promotions including but not limited to Instagram and Facebook, and his t-shirts, sweaters caps and other clothing items are also available for sale in several retail locations in New York and other States.  From 2012 to 2015 Plaintiff also maintained a Flagship LES Clothing Co. store located at 43 Clinton Street, New York, NY 10002 and in 2019 re-stablished a flagship location at 40 Clinton Street, New York, New York 10002.







 

19.     Plaintiff advertises his **LES CLOTHING CO™**, **LOWER EAST SIDE™**, **THE LOWER™**, **LES™** and **LES NYC®** brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals." Plaintiff also places online advertisements via Facebook and Instagram. Plaintiff also regularly conducts photo shoots of customers who purchase his **LOWER EAST SIDE™** and **LES NYC®** clothing items to be included in magazine advertisements and other marketing materials.

20.     Plaintiff has a social media following of over twenty thousand 20,000 combined followers for his **LOWER EAST SIDE™ LES™** and **LES NYC®** clothing products and with his sponsored and/or affiliated social media friends and followers each individual post and product offering reaches an audience in the range of a hundred thousand 100,000 social media users and potential consumers of his clothing products.









21.     The **LOWER EAST SIDE™ LES™** and **LES NYC®** brands and marks have acquired "secondary meaning" in the marketplace in connection with the sale and offering of clothing goods based on Plaintiff's continuous and long-standing use of the marks in the apparel industry for nearly twenty (20) years.

22.     When consumers of clothing products encounter the **LOWER EAST SIDE™ LES™** and **LES NYC®** marks in connection with apparel, they associate the **LES™**, **LOWER EAST SIDE™** and **LES NYC®** marks with Plaintiff and his **LES CLOTHING CO.™** company.

23.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing products enjoys a superlative reputation in the apparel industry.

24.     Plaintiff's **LOWER EAST SIDE™, LES™,** and **LES NYC®** clothing items have been endorsed and worn by celebrities, actors and musicians, including but not limited to actor Luis Guzman and Curtis "50 CENT" Jackson.

25.     Plaintiff's **LOWER EAST SIDE™**, **LES™** and **LES NYC®** clothing items have also appeared in movies and on television shows including but not limited to **VH1's BLACK INK CREW**, and **VH1's LOVE & HIP HOP** television shows.

26.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing items have been featured and advertised in national publications including but not limited to XXL Magazine and Don Diva Magazine.

27.     Since at least as early as 2007, Plaintiff has been building a portfolio that consists of various trademarks and copyrights that act as business assets for his **LES CLOTHING CO.™** business.

28.     Plaintiff only claims "exclusive use" rights of the **LOWER EAST SIDE™ LES™** and **LES NYC®** marks in connection with apparel and the promotion and sale thereof.

29.     Plaintiff licenses the **LOWER EAST SIDE™**, **LES™** and **LES NYC®** marks and his copyrighted **LOWER EAST SIDE©** designs to third party clothing companies to be used on clothing goods under his direct control and authorization.

30.     Plaintiff is the registered owner of New York State Trademark Registration No. R31067 and R32849 both for the mark **LOWER EAST SIDE™**.  **(See Exhibit A).**

31.     Plaintiff is the registered owner of New York State Trademark Registration No. R31773 for the mark **THE LOWER™**.  **(See Exhibit B).**

32.     Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™**.  **(See Exhibit C**).

33. Plaintiff is the registered owner of United States Copyright Registration No. VA 1-765-666 for the work under the title L.E.S. Cap. (**See Exhibit D**).

34. Plaintiff is the registered owner of United States Copyright Registration No. VA 2-052-462 for the work under the title Circular LES Design Photo. (**See Exhibit E**).

35. Plaintiff is the registered owner of United States Copyright Registration No. VA 1-775-922 for the work under the title **537** design ("**the 537 numbers turned upside down spell LES™**). (**See Exhibit F**).

36. Plaintiff is the registered owner of United States Copyright Registration No. VA 1-818-626 for the work under the title "L Hand" Design which L design is a representation for **LES™** and **LOWER EAST SIDE™**. (**See Exhibit G**).

37. The mark **LOWER EAST SIDE®** is a federally registered trademark under United States Trademark Registration No. 2,416,437 that has been rendered "**incontestable**" under Section 15 of the Trademark Act and is therefore not open to challenge as to its function as a trademark and brand name as it has been in continuous use as a brand name in excess of fifteen (15) years. (**See Exhibit H).**

38. Plaintiff has a Co-Existence Agreement with Payless Shoesource Worldwide, Inc. who is the owner of United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®,** which allows the parties to co-exist in the marketplace and both utilize the **LOWER EAST SIDE™** mark but limits Payless's use of the mark to "**footwear**" and grants and/or limits Plaintiff's rights in the **LOWER EAST SIDE™** mark to "**t-shirts, sweaters, headwear**" and all other forms of clothing that exclude footwear.

39. By virtue of his Co-Existence Agreement with Payless Shoesource Worldwide, Inc. regarding use of the **LOWER EAST SIDE®** mark, Plaintiff claims joint ownership in United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®** and

has standing to bring this trademark infringement action under all applicable federal laws and statutes.

40.     Although Plaintiff has been using his **LOWER EAST SIDE™** and **LES NYC®** marks since at least 1997, in 2007, Plaintiff took the necessary precautions in protecting his business assets and began building a portfolio of various trademark and copyrights assets to protect the brand names, designs and images that he offers under his **LES CLOTHING CO.™** apparel business.

41.     As a small business owner, Plaintiff has aggressively policed and enforced his rights in his intellectual property business assets against clothing retailers and ecommerce entities that manufacture, print, advertise, promote, sell and/or offer for sale clothing and similar items that violate Plaintiff's trademarks and/or copyrighted designs.

42.     It is Plaintiff's legal right and legal obligation to enforce his ownership rights when he becomes aware of unauthorized third party uses of his intellectual property rights.

43.     Defendant Fashion Nova, Inc. is a major retailer of apparel products.  Defendant Fashion Nova distributes, advertises and ships its clothing products to clothing consumers in New York and worldwide.

44.     Defendant Fashion Nova operates an online retail clothing store via its website www.fashionaova.com.

45.     Plaintiff is informed and believes and thereon alleges that Defendant Fashion Nova is manufacturing, marketing, promoting, advertising, selling and offering for sale t-shirts including, bearing and/or under Plaintiff's **LES™, LES NYC®** and/or **LOWER EAST SIDE™** marks.

46.     Defendant Fashion Nova's use of Plaintiff's **LES™, LOWER EAST SIDE™** and/or **LES NYC®** trademarks has already caused confusion and is likely to continue to cause

confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

47.    Defendant Fashion Nova's use of the **LOWER EAST SIDE™** mark to advertise and promote its clothing products is identical to Plaintiff use of his own **LOWER EAST SIDE™** and **LES NYC®** clothing products which increases the likelihood of further confusion.

48.    Defendant Fashion Nova's's continued use of any variation of Plaintiff's **LOWER EAST SIDE™, LES™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

49.    Defendant Fashion Nova's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

50.    Upon information and belief, Defendant Fashion Nova is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®, LES™** and **LOWER EAST SIDE™**.

51.    Defendant Fashion Nova's's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

52.    Defendant Fashion Nova has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®, LES™** and **LOWER EAST SIDE™** marks.

53.    Defendant Superdry is a major retailer of clothing products and is using Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks by manufacturing, printing, marketing, promoting, advertising, selling and offering for sale via its website www.superdry.com and through various clothing retail outlets including but not limited to Macy's, t-shirts bearing **LOWER EAST SIDE** that is placed on the front and/or back of the t-shirts in a silk screen

15

printed application  The aforementioned use by Superdry infringes and is a use in commerce of Plaintiff's **LES NYC™** and **LOWER EAST SIDE™** trademarks.

54.     Defendant Superdry's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

55.     Defendant Superdry's use of Plaintiff's trademarks is not a fair use as Superdry is using the marks for commercial business purposes and for a profit.

56.     Defendant Superdry has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

57.     Upon information and belief Defendant Superdry is aware and has knowledge of Plaintiff's ownership rights in the **LOWER EAST SIDE™** and **LES NYC®** marks.

58.     Defendant Superdry's infringement of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks is willful as it is aware of the infringing content it is selling and offering for sale from its website and via its retail clothing stores.

59.     Defendant Superdry has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

60.     Defendant Zara USA, Inc. is a major clothing retail company that advertises and sells clothing items via the internet and at various retail clothing locations worldwide.

61.     Upon information and belief, Defendant Zara is designing, manufacturing, printing, marketing, promoting, selling and offering for sale clothing items displaying and under Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks, from its retail store locations and via online ecommerce platforms.

62.     Defendant Zara is using Plaintiff's federally registered **LES NYC®** mark and Plaintiff's **LOWER EAST SIDE™** mark in commerce in connection with the sale and advertising of clothing items without Plaintiff's consent.

63.     Defendant Zara's use of Plaintiff's trademarks including, but not limited to the mark **LOWER EAST SIDE N.Y.C.** in connection with the advertising and sale of t-shirts violates and infringes on Plaintiff's federally registered **LES NYC®** mark that is an abbreviated form of the mark **LOWER EAST SIDE NEW YORK CITY®**.

64.     Defendant Zara's use of the mark **LOWER EAST SIDE** and **LOWER EAST SIDE N.Y.C.** in connection with the sale and advertising of clothing items is the legal equivalent of using Plaintiff's federally registered **LES NYC®** trademark and Plaintiff's **LOWER EAST SIDE™** trademark.

65.     Defendant Zara's use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks is **NOT** a fair use as Zara is using the marks for commercial business purposes and for a profit.

66.     Upon information and belief, Zara uses Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks by printing the marks on a t-shirt offered and sold by Zara.     The aforementioned use of Plaintiff's trademarks by Defendant Zara is a "use in commerce" of Plaintiff's trademarks.

67.     Defendant Zara's use of the mark **LES NYC®** and **LOWER EAST SIDE™** in connection with clothing is likely to continue to cause confusion between Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks.

68.     Defendant Zara's use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks has already caused confusion and is likely to cause future and additional instances of

confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks owned by Plaintiff.

69.     Upon information and belief, Defendant Zara has knowledge of Plaintiff's ownership rights and previous enforcement efforts in the **LOWER EAST SIDE™** and **LES NYC®** marks.

70.     Defendant Zara's use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks is willful, deliberate and intentional.

71.     Defendant Zara has acted in bad faith in using Plaintiff's trademarks in connection with the sale and advertising of clothing and has attempted to palm off the good will and reputation built by Plaintiff in the **LES NYC®** and **LOWER EAST SIDE™** marks.

72.     Defendant Bonfire Funds Inc. is an e-commerce business that is providing an online store and platform to purchase t-shirts, and other apparel and are publishing, exploiting, marketing, promoting, selling and offering for sale clothing items under designs that infringe Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** trademarks.

73.     Upon information and belief, Bonfire uses Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks by printing the marks on t-shirts offered and sold via the Bonfire retail shop platform.     The aforementioned use of Plaintiff's trademarks by Defendant Bonfire is a "use in commerce" of Plaintiff's trademarks.

74.     Defendant Bonfire's use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks has already caused confusion and is likely to cause future and additional instances of confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks owned by Plaintiff.

75.     Defendant Bonfire's continued use of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

76.     Defendant Bonfire's use of Plaintiff's trademarks is not considered a fair use as Bonfire is using the marks for commercial business purposes and for a profit.

77.     Upon information and belief, Defendant Bonfire has knowledge of Plaintiff's ownership rights and previous enforcement efforts in the **LOWER EAST SIDE™** and **LES NYC®** marks.

78.     Defendant Bonfire's infringement of Plaintiff's trademarks is willful as Bonfire is aware of the infringing content it is continuing to display, sell and offer for sale from its website.

79.     Defendant Bonfire has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** trademarks.

80.     Defendant Schott Bros. is a retailer of apparel products and has retail clothing stores in New York, California and various other states.

81.     Plaintiff is informed and believes and thereon alleges that Defendant Schott Bros. is using Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks in commerce and is manufacturing, advertising, promoting, selling and offering for sale a collection of t-shirts and other clothing items that place Plaintiff's federally registered **LES NYC®** and **LOWER EAST SIDE™** marks on its t-shirts and other clothing which violate Plaintiff's trademark rights in the aforementioned marks.

82.     Defendant Schott Bros. use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

83.     Defendant Schott Bros. continued use of any variation of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

84.     Defendant Schott Bros. use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

85.     Upon information and belief Defendant Schott Bros. is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

86.     Defendant Schott Bros. infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

87.     Defendant Schott Bros has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

88.     Plaintiff was been contacted by several long-standing customer of his **LES CLOTHING CO™ LOWER EAST SIDE™ THE LOWER™** and **LES NYC®** clothing products regarding the **LOWER EAST SIDE™** and **LES™** branded products that are offered and sold by each Defendant named in this action thinking the products were sponsored, affiliated and/or done in collaboration with Plaintiff and his **LES Clothing Co™** company and business.

89.     Defendant Brain Buster Enterprises, LLC owns and operates an online retail store that allows its users and account holders to sell products, including but not limited to clothing items such as t-shirts and sweaters that infringe third parties intellectual property rights including Plaintiff's "**LES NYC LES LOVE T-Shirt Photo**" copyright.

90.     Defendant Brain Buster is selling, offering for sale, promoting and advertising clothing items that copy and infringe on Plaintiff's aforementioned copyright.

91.     Defendant Brain Buster is exploiting, copying, reproducing, selling and offering for sale, clothing items that infringe Plaintiff's LES NYC LES LOVE t-shirt photo copyright from the website www.teepublic.com. **(See Exhibit I).**

92.     In 2017, Plaintiff designed a t-shirt image to be offered under his **LES CLOTHING CO™**'s collection.  The design was titled "**LES NYC LES LOVE T-Shirt**" and depicted the image below:



93.     Plaintiff is the owner of the United States copyright for the work under the title "**LES NYC LES LOVE T-Shirt Photo**" under Case No. 1-9669476121.

94.     Defendant Brain Buster, without authorization or consent from Plaintiff has copied, reproduced, exploited, advertised, marketed, sold and offered for sale clothing items under Plaintiff's copyrighted **LES NYC LES LOVE T-Shirt Photo**.  A copy of the infringing design copied, reproduced and offered for sale on clothing items by Brain Buster is in Exhibit I.

95.     The above image, copied, reproduced, sold and offered on clothing products by Brain Buster copies constituent elements of Plaintiff's "**LES NYC LES LOVE T-Shirt Photo**" copyright and constitutes copyright infringement.  It is an identical copy and reproduction of the design portion of Plaintiff's copyright.

96.     The above designed and unauthorized use of Plaintiff's copyrighted design by Brain Buster is used on various products offered by Brain Buster.  Each separately advertised clothing item depicted in a different product offering is a separate and individual violation of Plaintiff's "**LES NYC LES LOVE T-Shirt Photo**" copyright.

97.     Plaintiff provided Brain Buster with an Infringement Notice regarding his copyright that is being infringed but it failed to act expeditiously in removing the infringing content as requested by Plaintiff and as such is liable for copyright infringement.

98.     Upon information and belief, Defendant Brain Buster has the direct control over the products sold from its website and has the ability to monitor and control the infringing activity.

99.     Upon information and belief, Defendant Brain Buster continues to offer for sale clothing items utilizing unauthorized copies of Plaintiff's copyright image.

100.    A comparison of the above images makes it clear that the accused product is substantially similar and/or identical to the design content of Plaintiff's **LES NYC LES LOVE T-Shirt Photo**.  This violates Plaintiff's copyright in his **LES NYC LES LOVE T-Shirt Photo**.

101.    Defendant TP Apparel, LLC owns and operates an online retail store that allows its users and account holders to sell products, including but not limited to clothing items such as t-shirts and sweaters that infringe third parties intellectual property rights including Plaintiff's "**LES NYC LES LOVE T-Shirt Photo**" copyright.

102.   Defendant TP is selling, offering for sale, promoting and advertising clothing items that copy and infringe on Plaintiff's aforementioned copyright.

103.   Defendant TP is exploiting, copying, reproducing, selling and offering for sale, clothing items that infringe Plaintiff's **LES NYC LES LOVE t-shirt photo** copyright from the website www.teepublic.com. **(See Exhibit I).**

104.   In 2017, Plaintiff designed a t-shirt image to be offered under his **LES CLOTHING CO™**'s collection.  The design was titled "**LES NYC LES LOVE T-Shirt**" and depicted the image below:



105.   Plaintiff is the owner of the United States copyright for the work under the title "**LES NYC LES LOVE T-Shirt Photo**" under Case No. 1-9669476121.

106.   Defendant TP, without authorization or consent from Plaintiff has copied, reproduced, exploited, advertised, marketed, sold and offered for sale clothing items under

Plaintiff's copyrighted **LES NYC LES LOVE T-Shirt Photo**. A copy of the infringing design copied, reproduced and offered for sale on clothing items by TP is in **Exhibit I**.

107. The above image, copied, reproduced, sold and offered on clothing products by TP copies constituent elements of Plaintiff's "**LES NYC LES LOVE T-Shirt Photo**" copyright and constitutes copyright infringement. It is an identical copy and reproduction of the design portion of Plaintiff's copyright.

108. The above designed and unauthorized use of Plaintiff's copyrighted design by Brain Buster is used on various products offered by TP. Each separately advertised clothing item depicted in a different product offering is a separate and individual violation of Plaintiff's "**LES NYC LES LOVE T-Shirt Photo**" copyright.

109. Plaintiff provided TP with an Infringement Notice regarding his copyright that is being infringed but it failed to act expeditiously in removing the infringing content as requested by Plaintiff and as such is liable for copyright infringement.

110. Upon information and belief, Defendant TP has the direct control over the products sold from its website and has the ability to monitor and control the infringing activity.

111. Upon information and belief, Defendant TP continues to offer for sale clothing items utilizing unauthorized copies of Plaintiff's copyright image.

112. A comparison of the above images makes it clear that the accused product is substantially similar and/or identical to the design content of Plaintiff's **LES NYC LES LOVE T-Shirt Photo**. This violates Plaintiff's copyright in his **LES NYC LES LOVE T-Shirt Photo**.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

113.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 112 of this Complaint.

114.    The use in commerce by Defendants of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by all of the Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants Fashion Nova, Superdry, Zara, Bonfire and Schott Bros. are not ordered to cease all use of the **LES NYC®** and **LOWER EAST SIDE™** marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

115.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 114 of this Complaint.

116.    Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LES NYC®**, **LES™** and **LOWER EAST SIDE™** marks.

117.    Defendants Fashion Nova, Superdry, Zara, Bonfire, and Schott Bros. by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that the aforementioned Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

118.    Defendants Fashion Nova, Superdry, Zara, Bonfire and Schott Bros. have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

119.    By reason of Defendants Fashion Nova, Superdry, Zara, Bonfire and Schott Bros. willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION
### COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

120.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 119 of this Complaint.

121.    Defendants Fashion Nova, Superdry, Zara, Bonfire and Schott Bros. conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

122.    Defendants Fashion Nova, Superdry, Zara, Bonfire and Schott Bros. unauthorized use of Plaintiff's **LOWER EAST SIDE™, LES™** and **LES NYC®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

123.    By reason of the foregoing, the aforementioned Defendants have infringed and continues to infringe on Plaintiff's common law rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and the aforementioned Defendants have become unjustly enriched by such acts of infringement.

124.    Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

### FOURTH CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### (against Defendants Brain Buster and TP only)

125.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 124 of this Complaint.

126.   Plaintiff is the creator, author, and owner of all rights of copyright in and to the **LES NYC LES LOVE T-Shirt Photo** copyright.

127.   Plaintiff acquired copyright protection in the **LES NYC LES LOVE T-Shirt Photo** and has been utilizing the Photo and design depicted therein since 2017.

128.   Defendants Brain Buster and TP without authorization of Plaintiff as the owner of all rights of copyright in the **LES NYC LES LOVE T-Shirt Photo**, and in violation of 17 U.S.C. §§101 et seq., has intentionally and willfully copied, distributed, and publicly displayed and sold and/or offered for sale, a t-shirt that includes a design that is identical or in the least, substantially similar to the Plaintiff's copyrighted **LES NYC LES LOVE T-shirt Photo**, that is used on his clothing items.

129.   Defendants Brain Buster and TP's actions constitute copyright infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

130.   By reason of Defendants infringement of Plaintiff's copyright in his **LES NYC LES LOVE T-Shirt Photo** in connection with clothing, Defendants Brain Buster and TP have derived revenues and profits attributable to said infringement, the amount of which has yet to be ascertained.

131.   Defendants Brain Buster and TP's infringement of Plaintiff's copyright in the **LES NYC LES LOVE T-Shirt Photo**, was committed "willfully" as that term is used in 17 U.S.C. §504(c)(2).  At all times mentioned herein, and upon information and belief, Defendant was aware of, and had reason to believe, that its acts constituted infringement of Plaintiff's copyrights.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

132.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 131 of this Complaint.

133.    Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LOWER EAST SIDE™,** and/or **LES NYC®** marks and Plaintiff's **LES NYC LES LOVE T-shirt Photo**.

134.    All of the Defendants actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.    Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LOWER EAST SIDE™**, **LES NYC®**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **LES NYC®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LES NYC®** mark or Plaintiff's rights in his **LES NYC LES LOVE T-shirt Photo**.

2.    That all the Defendants in this action be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason

of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.      That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the **LOWER EAST SIDE™** and **LES NYC®** marks, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

6.      That Plaintiff be awarded statutory damages in the amount of $500,000.00 for Defendants acts of willful infringement.

7.      That Plaintiff be awarded statutory damages against Brain Buster and TP in the amount of $1,000,000.00 for Defendants Brain Buster and TP's acts of willful infringement of Plaintiff's copyright.

8.      That Plaintiff be awarded the cost and disbursements of this action.

9.      That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: November 4, 2020
      New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se

_____

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

**EXHIBIT A**

# New York State Department of State
# Certificate of Trademark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

**Registration Number:** R31067                    **Registration Date:** 06/06/07

**Applicant:** ROBERT G. LOPEZ
230 CLINTON STREET APT. #11C
NEW YORK                          NY      10002-

**State of Incorporation or
Partnership Organization:**

**Class Numbers:** 25

**Date First Used in NYS:** 12/1999                    **Date First Used Anywhere** 12/1999

**Trademark Description:**
LOWER EAST SIDE

The mark is comprised of the words "Lower East Side" In stylized letters with an underline and overline.

**Description of Goods:** Clothing, namely, T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.

**WITNESS** my hand and the seal of the State of New York In the City of Albany on this:

**Thursday, August 16, 2007**

by:

**Special Deputy Secretary of State**

DOS-690 (Rev. 3/01)

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I, Anthony Giardina, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | *R32849* | **Registration Date:** | *08/09/16* |

**Applicant:**  **ROBERT G. LOPEZ**
*230 CLINTON ST. - APT. 11C*
*NEW YORK*   *NY*   *10002-*

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**   *25*

| | | | |
|---|---|---|---|
| **Date First Used in NYS:** | *12/01/1999* | **Date First Used Anywhere:** | *12/01/1999* |

**<u>Trademark Description:</u>**
*The mark is comprised of the words LOWER EAST SIDE without claim to any particular font, style or design.*

**<u>Description of Goods:</u>**   *Clothing, namely; t-shirts, sweaters, shorts and headwear.*

***WITNESS*** *my hand and the seal of the State of New York in the City of Albany on this:*

*Thursday, August 11, 2016*

*by:*

**Executive Deputy Secretary of State**

*DOS-690 (Rev. 8/13)*

**EXHIBIT B**

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | *R31773* | **Registration Date:** | *11/22/10* |

**Applicant:** **ROBERT G. LOPEZ**
*230 CLINTON ST. - APT #11C*
*NEW YORK*                    *NY      10002-*

**State of Incorporation or Partnership Organization:**

**Class Numbers:**        *25*

**Date First Used in NYS:**    *03/00/08*        **Date First Used Anywhere:**    *03/00/08*

**Trademark Description:**

The mark is comprised of the words "THE LOWER" with five stars appearing beneath the literal element of the mark.

**Description of Goods:**        Clothing, namely; T-shirts, hooded sweatshirts and caps.

*WITNESS* my hand and the seal of the State of New York In the City of Albany on this:

*Monday, November 22, 2010*

*by:*

**Special Deputy Secretary of State**

*DOS-690 (Rev. 3/01)*

**EXHIBIT C**

# United States of America

## United States Patent and Trademark Office

# LES NYC

**Reg. No. 4,549,880**  
**Registered June 17, 2014**

LOPEZ, ROBERT G. (UNITED STATES INDIVIDUAL)  
230 CLINTON STREET - APT. #11C  
NEW YORK, NY 10002

**Int. Cl.: 25**

FOR: BASEBALL CAPS AND HATS; HOODED SWEATSHIRTS; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

**TRADEMARK**

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-335,314, FILED 6-1-2011.

ALICE BENMAMAN, EXAMINING ATTORNEY



Deputy Director of the United States  
Patent and Trademark Office

**EXHIBIT D**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

## VA 1-765-666

**Effective date of registration:**

January 20, 2011

## Title

**Title of Work:** L.E.S. Cap

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** January 20, 2011        **Nation of 1st Publication:** United States

## Author

**Author:** Robert G. Lopez

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States        **Domiciled in:** United States

**Year Born:** 1976

## Copyright claimant

**Copyright Claimant:** Robert G. Lopez

230 Clinton Street, New York, NY, 10002, United States

## Certification

**Name:** Robert G. Lopez

**Date:** January 20, 2011

**Correspondence:** Yes

**EXHIBIT E**

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-052-462**

**Effective Date of Registration:**
June 15, 2017

## Title

**Title of Work:** Circular LES Design Photo

## Completion/Publication

**Year of Completion:** 2012
**Date of 1st Publication:** March 20, 2012
**Nation of 1st Publication:** United States

## Author

- **Author:** Robert G Lopez
**Author Created:** photograph
**Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Robert G Lopez
230 Clinton Street, Apt. #11C, New York, NY, 10002, United States

## Certification

**Name:** Robert G. Lopez
**Date:** June 15, 2017

**EXHIBIT F**

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-775-922**

**Effective date of
registration:**

June 1, 2011

## Title ───────────────────

Title of Work: 537 Design

## Completion/Publication ───────

Year of Completion: 2010

Date of 1st Publication: December 15, 2010   Nation of 1st Publication: United States

## Author ────────────────

Author: Thomas Riley

Author Created: 2-D artwork

Work made for hire: Yes

Citizen of: United States   Domiciled in: United States

## Copyright claimant ──────────

Copyright Claimant: Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

Transfer Statement: By written agreement

## Certification ───────────────

Name: Robert G. Lopez

Date: June 1, 2011

**EXHIBIT G**

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-818-626**

**Effective date of
registration:**

April 21, 2012

---

### Title

**Title of Work:** "L Hand" Design

### Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** April 19, 2012     **Nation of 1st Publication:** United States

### Author

■     **Author:** Robert G Lopez

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States       **Domiciled in:** United States

**Year Born:** 1976

### Copyright claimant

**Copyright Claimant:** Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

### Certification

**Name:** Robert G. Lopez

**Date:** April 21, 2012

**EXHIBIT H**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Jun 2 02:21:45 EDT 2017*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start   List At: [          ]  OR  Jump  to record: [          ]  **Record 26 out of 29**

TSDR   ASSIGN STATUS   TTAB STATUS   *( Use the "Back" button of the Internet Browser to return to TESS)*

# LOWER EAST SIDE

| | |
|---|---|
| **Word Mark** | LOWER EAST SIDE |
| **Goods and Services** | IC 025. US 022 039. G & S: Footwear. FIRST USE: 19990616. FIRST USE IN COMMERCE: 19990616 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75652553 |
| **Filing Date** | March 3, 1999 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 30, 1999 |
| **Registration Number** | 2416437 |
| **International Registration Number** | 1220106 |
| **Registration Date** | December 26, 2000 |
| **Owner** | (REGISTRANT) PAYLESS SHOESOURCE WORLDWIDE, INC. CORPORATION KANSAS Jayhawk Towers 700 SW Jackson Topeka KANSAS 66603 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | ROBERT CARROLL |
| **Prior Registrations** | 1795922 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20110108. |
| **Renewal** | 1ST RENEWAL 20110108 |

**EXHIBIT I**

Prices increase in **12** H : **44** M : **57** s

**Up to 35% off sitewide!  $13 tees and more**

SHOP NOW
(HTTPS://WWW.TEEPUBI



**TEEPUBLIC**
(/)

👤   🛒 (/cart)

Each purchase supports an independent artist. (/about)

🔍 Search all designs

🌐 English (US) - $ USD

**BROWSE**
**(/T-**
**SHIRTS)**

**ADULT APPAREL**
**(/T-SHIRTS)**

**KIDS APPAREL**
**(/KIDS-T-SHIRT)**

**HOME GOODS**
**(/POSTERS-AND-ART)**

**CASES & STICKERS**
**(/PHONE-CASE)**



›

### Lower East Side T-Shirt

**Nyc Gifts T-Shirt**
Designed and Sold by Maggie Cousins (/user/maggiecousins)
I created this design for everyone living or has lived in the
wonderful LES of NYC.

**Color:** Black

| Gender | | Male | | Female |
|---|---|---|---|---|

Style        Classic T-Shirt        ▼

| Size | S | M | L | XL |
|---|---|---|---|---|
| | 2XL | 3XL | 4XL | 5XL |

📏 View Size Chart

## $13 $20

## ADD TO CART

**SAVE 35%** for the next:

| **0** | **12** | **44** | **55** |
|---|---|---|---|
| Days | Hours | Mins | Secs |





## More Lower East Side Products







