```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  ROBERT G. LOPEZ,                                          :
                                                            :
                                  Plaintiff,                :      20 Civ. 9238 (LGS)
                                                            :
                  -against-                                 :      OPINION AND ORDER
                                                            :
  FASHION NOVA, INC., et al.,                               :
                                                            :
                                  Defendants.               :
                                                            :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff, acting pro se, brings claims of copyright infringement and unjust enrichment alleging that Defendants infringed on Plaintiff's copyrights of various marks including LES NYC®, LOWER EAST SIDE™ and LES NYC LES LOVE t-shirt Design by putting those marks on clothing and other goods. One of the Defendants, TP Apparel, LLC ("TP"), moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is granted.

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Courts must liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to "raise the strongest claims [they] suggest[]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quotation marks omitted). "Nevertheless, a *pro se* litigant is not exempt 'from compliance with relevant rules of procedural and substantive

1

law.'" *Murphy v. Warden of Attica Corr. Facility*, No. 20 Civ. 3076, 2020 WL 2521461, at *1 (S.D.N.Y. May 15, 2020) (quoting *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

17 U.S.C § 411(a) states that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." Therefore, a plaintiff "must simply apply for registration and receive the Copyright Office's decision on her application before instituting suit." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 891 (2019). "A prematurely filed [copyright] suit must be dismissed notwithstanding a plaintiff's post-registration amendment." No. 18 Civ. 10956, 2019 WL 1454317, at *1 (S.D.N.Y. Apr. 2, 2019). A contrary result "would make a meaningless formality out of *Fourth Estate's* requirement that an application be approved prior to filing suit [since] a plaintiff could file suit at any time, notwithstanding Section 411(a)'s precondition, and simply update the complaint when registration finally occurred." *Id.* at *2.

In paragraph ninety-three of the Complaint, Plaintiff states that he is the "owner of the United States copyright for the work under the title 'LES NYC LES LOVE T-Shirt Photo' under Case No. 1-966947121." However, the Complaint does not allege registration of this copyright, and Plaintiff has admitted to TP that he has "not yet received the copyright registration certificate for the work that is the subject of the current action against TP." Therefore, the Complaint's claims against TP are dismissed with prejudice because any amendment would not cure the failure to register the copyright before instituting suit.

For the foregoing reasons, TP's motion to dismiss is granted. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 39 and terminate TP from this case.

Dated: February 11, 2021
      New York, New York

                                          LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE