UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT G. LOPEZ,                          :
                                          :
                      Plaintiff,          :
                                          :
          -against-                       :          20 Civ. 9238 (LGS)
                                          :
FASHION NOVA, et al.,                     :          ORDER
                                          :
                      Defendants.  :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Plaintiff Robert G. Lopez commenced this copyright infringement action on

November 4, 2020, against seven named Defendants.

      WHEREAS, Plaintiff never served three of the Defendants, and they were eventually

dismissed for failure to prosecute.  Plaintiff served four of the Defendants, eventually voluntarily

dismissing three of them, leaving Defendant TP Apparel, LLC ("TPA").

      WHEREAS, on November 14, 2020, TPA informed Plaintiff that (1) TPA believed the

copyright infringement claim against it was improper and baseless because TPA was not

provided notice and an opportunity to cure before Plaintiff commenced a lawsuit as stipulated in

a previous settlement agreement, (2) TPA was informed that no sale of the allegedly infringing

product had occurred and (3) Plaintiff could not claim copyright infringement under the Supreme

Court decision, *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019),

because he did not have the actual copyright registration when the action was commenced.  TPA

stated in the email that TPA would be entitled to recover attorneys' fees if TPA were forced to

bring a motion to dismiss to terminate the case.

WHEREAS, on November 18, 2020, Plaintiff responded that "there is an ambiguity in the settlement agreement" and that "the likelihood of [Defendant] receiving attorney's fees against a pro se plaintiff that has brought an action in good faith are slim to none."

WHEREAS, on November 25, 2020, Plaintiff stated that he had "not yet received the copyright registration certificate" for the work at issue.  Later that day, TPA renewed its request that Plaintiff dismiss the suit or TPA would move to dismiss and seek attorneys' fees in connection with the motion.  Plaintiff refused.

WHEREAS, on December 7, 2020, TPA filed a pre-motion letter for a motion to dismiss as required by the Court's individual rules.  Plaintiff was ordered to file a response.  When he did not, his time to respond was extended and a pre-motion conference was scheduled for January 7, 2021.  Plaintiff again failed to respond or attend the January 7, 2021, conference.  A conference was scheduled for January 14, 2021, but Plaintiff again failed to appear.

WHEREAS, on January 14, 2021, TPA filed a motion to dismiss the claims against it. Plaintiff was ordered to respond by February 4, 2021, and to attend a conference scheduled for February 11, 2021.  Plaintiff did not file a response or attend the conference.

WHEREAS, on February 11, 2021, the case against TPA was dismissed because the Complaint did not allege registration of the copyright and Plaintiff had admitted to TPA that Plaintiff had not received the copyright registration certificate.

WHEREAS, on April 9, 2021, TPA filed the instant motion for attorneys' fees.  On April 13, 2021, Plaintiff was ordered to file a response by May 4, 2021.  Plaintiff did not file a response.

WHEREAS, section 505 of the Copyright Act "grants courts wide latitude to award

2

attorney's fees based on the totality of the circumstances. . . . [S]everal nonexclusive factors . . . inform a court's fee-shifting decisions: frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance consideration of compensation and deterrence." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2006) (internal quotation marks omitted); *Hello I Am Elliot, Inc. v. Sine*, No. 19 Civ. 6905, 2021 WL 1191971, at *4 (S.D.N.Y. Mar. 30, 2021).  Unreasonableness is accorded "substantial weight." *Kirtsaeng*, 136 S. Ct. at 1988; *Charles v. Seinfeld*, No. 18 Civ. 1196, 2021 WL 761851, at *2 (S.D.N.Y. Feb. 26, 2021).

WHEREAS, "[w]hile we are mindful that attorney's fees should only rarely be awarded against plaintiffs proceeding pro se, such an award is appropriate where, as here, the district court's determination that the plaintiff's 'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so,' finds support in the record." *Bauer v. Yellen*, 375 F. App'x 154, 156 (2010) (summary order) (quoting *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)); *see, e.g.*, *Edwards v. Barclays Servs. Corp.*, No. 19 Civ. 9326, 2020 WL 2087749, at *7 (S.D.N.Y. May 1, 2020), *R. & R. adopted*, 2020 WL 3446870 (S.D.N.Y. June 23, 2020); *U.S. ex rel. Taylor v. Times Herald Rec., Newspaper*, No. 91 Civ. 3240, 1992 WL 236163, at *2 (S.D.N.Y. Apr. 2, 1992), *aff'd*, 990 F.2d 623 (2d Cir. 1993); *Cornett v. Mfrs. Hanover Tr. Co.*, 684 F. Supp. 78, 80 (S.D.N.Y. 1988), *aff'd*, 902 F.2d 1556 (2d Cir. 1990).

WHEREAS, while Plaintiff has proceeded pro se, he has filed numerous similar copyright lawsuits.  He is familiar with and was advised of the relevant copyright law -- that the Supreme Court held in *Fourth Estate* that plaintiffs must "apply for registration and receive the Copyright Office's decision on [the] application before instituting suit."  139 S. Ct. at 891.  As

TPA informed Plaintiff of the law on November 14, 2020, Plaintiff's refusal to dismiss this action against TPA after that date was unreasonable, as was Plaintiff's complete disregard of the Court's related orders to respond to TPA and appear for a court conferences, causing TPA to incur unnecessary legal fees.  (Plaintiff's conduct was consistent throughout the litigation, as Plaintiff ignored all of the Court's orders to appear for court conferences and make court filings.)  It is hereby

**ORDERED** that counsel's request for $11,707.50 as attorneys' fees is **GRANTED** as reasonable.

Appropriate attorneys' fees are calculated by determining a reasonable hourly rate for the attorneys' work and finding the reasonable number of hours required by a given case.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2007); *Latin Am. Music Co. v. Spanish Broad. Sys.*, No. 13 Civ. 1526, 2020 WL 2848232, at *5 (S.D.N.Y. June 1, 2020).

Mr. Wilson's hourly rate of $525 is reasonable.  "[C]ourts in this district have generally found hourly rates of $400 to roughly $750 to be appropriate for partners in copyright and intellectual property cases." *Latin Am. Music Co.*, 2020 WL 2848232, at *6 (holding that the rate ranging from $435 to $525 for an entertainment law partner was appropriate while capping the rate ranging from $825 to $1,000 for another partner with music licensing practice to $750); *see, e.g.*, *Broad. Music, Inc. v. PAMDH Enters., Inc.*, No. 13 Civ. 2255, 2014 WL 2781846, at *6-7 (S.D.N.Y. June 19, 2014) (holding that a flat fee of $7,500 was a reasonable estimation given the numbers of hours spent billed at an hourly rate of $570 for a trademark and copyright attorney with fifteen years of experience); *Sub-Zero, Inc. v. Sub Zero N.Y. Refrigeration &*

4

*Appliances Servs., Inc.*, No. 13 Civ. 2548, 2014 WL 1303434, at *8-9 (S.D.N.Y. Apr. 1, 2014) (finding that the rate of $485 for a partner specializing in copyright and intellectual property litigation in a Wisconsin office was appropriate).  He is an intellectual property litigator with more than thirty years of experience, including as a partner in national law firms and teaching intellectual property in a law school and to legal professionals.  Mr. Wilson's fees are reasonable for a lawsuit in this District.  *See Rodriguez-Hernandez v. K Bread & Co., Inc.*, No. 15 Civ. 6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("The Court's analysis is guided by the market rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." (internal quotation marks omitted)).

Mr. Wilson's billing and payment arrangement also support the conclusion that his fees are reasonable.  The $525 hourly rate is also the amount Mr. Wilson actually charged and TPA paid pursuant to their standard billing and payment arrangements.  "[T]he actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'"  *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001); *Carrington v. Graden*, No. 18 Civ. 4609, 2020 WL 5758916, at *12 (S.D.N.Y. Sept. 28, 2020).

The number of billable hours for which TPA seeks attorneys' fees is also reasonable.  TPA's counsel seeks attorneys' fees only for the period from November 14, 2020, to February 11, 2021, *i.e.*, from the time Plaintiff received notice that his claims were baseless until his claims were dismissed.  TPA's counsel does not seek fees beginning with the defense of this suit, nor does he seek fees for the preparation of this motion.  As reflected in the detailed billing records submitted with this motion, TPA's counsel spent 22.3 hours during the relevant three-

month period, including corresponding with Plaintiff, researching and preparing the pre-motion letter for a motion to dismiss, preparing the actual motion and supporting memorandum of law, and preparing for and participating in three hearings, each of which was delayed because Plaintiff failed to appear.  These activities were necessary to dismiss the case, and their cost was increased by Plaintiff's failure to appear and respond.  The attorney hours spent were not "excessive, redundant, or otherwise unnecessary." *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Best Falcon Constr. Inc.*, No. 18 Civ. 2997, 2018 WL 6200041, at *4 (S.D.N.Y. Nov. 27, 2018) (approving as reasonable 16.6 hours of attorney time spent on *unopposed* petition to confirm arbitration award).

The lodestar calculation based on the reasonable billing rate and hours spent obtaining dismissal of the claim against TPA is $11,707.50.  The $11,707.50 fee award represents a lodestar multiplier of 1.  In this Circuit, "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers." *Azogue v. 16 for 8 Hosp. LLC*, No. 13 Civ. 7899, 2016 WL 4411422, at *7 (S.D.N.Y. Aug. 19, 2016).

Finally, equitable considerations do not weigh against assessing the requested amount from an individual pro se Plaintiff.  *See Shangold v. Walt Disney Co.*, 275 F. App'x 72, 74 (2d Cir. 2008) (summary order) (holding that a court may consider financial condition as an equitable matter in awarding attorneys' fees); *Crews v. County of Nassau*, No. 06 Civ. 2610, 2019 WL 6894469, at *12 (E.D.N.Y. Dec. 18, 2019).  As detailed in the submissions in support of this motion, Plaintiff is a serial filer and appears to be running a business "representing" himself and others (even though he is not an attorney) in similar cases, which he settles for their

6

nuisance value.  A search of the docket for "Robert G. Lopez" in the Southern District of New York reflects at least 40 pro se copyright filings.  According to TPA's counsel, Plaintiff represented "in a Motion for Leave to Appeal in Forma Pauperis in one of his cases that he had reached settlements with a defendant of $1,000 and $10,000."  Dkt. No. 55 at ¶ 2.  Plaintiff presumably settled with the three defendants in this case who were served and later voluntarily dismissed.

Defendant TPA is awarded $11,707.50 in reasonable attorneys' fees.  It is further

**ORDERED** that the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: October 19, 2021
          New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE